

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSE FRANCISCO ANTUNEZ GARCIA,<br>2858 Pine Spring, Rd<br>Falls Church, VA 22042<br><br>    Plaintiff,<br><br>v.<br><br>MOUNT OF LEBANON RESTAURANT, LLC<br>2922 Annandale Rd<br>Falls Church, VA 22042<br><br>    SERVE:    KHEDER RABABEH<br>                     2922 Annandale Rd<br>                     Falls Church, VA 22042<br><br>    and<br><br>KHEDER RABABEH<br>2922 Annandale Rd<br>Falls Church, VA 22042<br><br>    Defendants. | CASE NO. 1:15CV543 |

## COMPLAINT

Plaintiff Jose Francisco Antunez Garcia ("Mr. Garcia" or "Plaintiff"), by counsel, John C. Cook, Lee B. Warren, the law firm of Cook Craig & Francuzenko, PLLC, hereby states as follows:

### NATURE OF THE CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by Plaintiff against Defendants MOUNT OF LEBANON RESTURANT LLC ("Lebanon") and KHEDER RABABEH ("Rababeh") (hereinafter collectively referred to as

"Defendants") for wage and overtime violations of the FLSA, breach of contract, and *quantum meruit*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

3. This Court has subject matter jurisdiction over Plaintiff's remaining claims under 28 U.S.C. § 1367(a) because those claims are part of the same controversy as Plaintiff's FLSA claims.

4. This Court has personal jurisdiction over the Defendants because they performed the acts complained of herein within this district.

5. Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

6. Plaintiff is an adult resident of the Commonwealth of Virginia. From March 2011 until November 2014 Plaintiff was employed by Defendants.

7. Lebanon is doing business as a restaurant in the Commonwealth of Virginia.

8. Upon information and belief, Rababeh is an adult resident and citizen of the Commonwealth of Virginia. At all times relevant hereto, Rababeh was the owner of Lebanon.

## FACTS

9. Lebanon was an enterprise engaged in interstate commerce as defined by the FLSA, at all times relevant herein. Upon information and belief, *inter alia*, Lebanon ordered and

received supplies from other states and/or which had moved through interstate commerce. Lebanon may also have conducted business with gross revenues over $500,000.00 annually.

10. At all relevant times, Defendant Rababeh was the owner of Lebanon, controlled Plaintiffs's pay and hours, and had the authority to hire and fire Plaintiff.

11. From March 2011 through November 2014, Defendants employed Plaintiff as a dishwasher and to assist with other tasks at the restaurant.

12. At all times relevant hereto, Defendant paid Plaintiff a flat rate for the workweek, whether or not he worked in excess of 40 hours during a single workweek.

13. From March 2012 through March 2013, Defendants paid Plaintiff a flat rate of $400.00 per week and Plaintiff worked seventy-two (72) hours per week including thirty-two (32) hours of overtime.

14. From April 2013 through August 2013, Defendants paid Plaintiff a flat rate of $450.00 per week and Plaintiff worked seventy-two (72) hours per week including thirty-two (32) hours of overtime.

15. From September 2013 through September 2014, Defendants paid Plaintiff a flat rate of $650.00 per week and Plaintiff worked seventy-two (72) hours per week including thirty-two (32) hours of overtime.

16. Defendants failed to pay Plaintiff for the hours of work he performed in his last five weeks of employment when Plaintiff worked seventy-two (72) hours per week including thirty-two (32) hours of overtime.

17. Defendants failed to compensate Plaintiff at a rate of $7.25 per hour for all hours worked in a work week.

18. Plaintiff was jointly employed by the Defendants for purposes of the FLSA at all times relevant to this Complaint.

19. The Defendants and/or their agents required and/or suffered or permitted Plaintiff to work hours for which he was not compensated at the overtime wage specified by the FLSA.

20. Defendants failed to inform Plaintiff of his rights under the FLSA and/or misled Plaintiff concerning his rights under the FLSA to overtime wages.

## COUNT ONE—VIOLATION OF FLSA WAGE AND OVERTIME REQUIREMENTS
(Against all Defendants)

21. All of the preceding paragraphs are incorporated and realleged by reference.

22. Defendants willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

23. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 in each workweek (i.e., overtime hours worked).

24. Defendants failed to pay Plaintiff any money for five weeks in which Plaintiff worked for them.

25. Defendants regularly and willfully violated the FLSA by not compensating Plaintiff for all hours he was required and/or "suffered or permitted" to work.

26. By reason of the foregoing, Plaintiff has been damaged and is due unpaid overtime wages in such amount as may be proven at trial, an amount equal to that unpaid compensation as liquidated damages, as well as reasonable attorneys' fees, interest, expenses, and costs under 29 U.S.C. § 216(b).

## COUNT TWO—VIOLATION OF FLSA MINIMUM WAGE REQUIREMENTS
(Against all Defendants)

27. All of the preceding paragraphs are incorporated and realleged by reference.

28. In some weeks, Defendants willfully required Plaintiff to work so many hours each week that his effective wage was less than $7.25 per hour.

29. By reason of the foregoing, Plaintiff has been damaged and is due unpaid minimum wages in such amount as may be proven at trial, an amount equal to that unpaid compensation as liquidated damages, as well as reasonable attorneys' fees, interest, expenses, and costs under 29 U.S.C. § 216(b).

### **COUNT THREE—BREACH OF CONTRACT**
**(Against all Defendants)**

30. All of the preceding paragraphs are incorporated and realleged by reference.

31. At all times relevant hereto, Plaintiff and Defendants had orally agreed that Plaintiff would be paid $650 per week for his services as a dishwasher.

32. Defendants failed to pay Plaintiff the contractually agreed-upon amount for five weeks in which Plaintiff worked for them.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for breach of contract in an amount to be determined at trial, interest, costs, and such other relief as this Court considers proper.

### **COUNT FOUR—QUANTUM MERUIT**
**(Against all Defendants)**

33. All of the preceding paragraphs are incorporated and realleged by reference.

34. At all times relevant hereto, Plaintiff and Defendants had orally agreed that Plaintiff would work for Defendants as a dishwasher.

35. Plaintiff performed such work for Defendants at their restaurant.

36. This service provided an economic benefit to the Defendants.

37. Defendants failed to pay Plaintiff the full value of his services, as reflected at least in the overtime rate which the Defendants failed to pay him for hours in excess of 40 per week.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for *quantum meruit* in an amount to be determined at trial, interest, costs, and such other relief as this Court considers proper.

## **PRAYER FOR RELIEF**

WHEREFORE, as for his Complaint, Plaintiff demands judgment against the Defendants as follows:

a. His unpaid wages in an amount to be determined at trial;

b. Liquidated damages in an amount equal thereto;

c. In the alternative, the reasonable value of his services under *quantum meruit*, in at least the amount that Defendants would have paid him had they followed the applicable overtime laws;

d. Plaintiff's attorney's fees in this matter, including those recoverable under 29 U.S.C. § 216;

e. Plaintiff's costs in this matter;

f. Pre-and post-judgment interest at the highest applicable legal or statutory rate.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues raised herein.

Respectfully Submitted,

Jose Francisco Antunez Garcia
By and Through His Attorneys,

_____
John C. Cook
Virginia Bar # 38310
Lee B. Warren
Virginia Bar # 77446
COOK CRAIG & FRANCUZENKO, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, Virginia 22030
Phone: 703-865-7480
Fax: 703-434-3510
Email: jcook@cookcraig.com
       lwarren@cookcraig.com