**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| JOSE FRANCISCO ANTUNEZ GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1-15-CV-543 |
| ) | (TSE/JFA) |
| MOUNT OF LEBANON RESTAURANT, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS**

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff, by and through undersigned counsel, requests that this Court enter default judgment against the Defendants. In further support hereof, Plaintiff states as follows:

**I.     Jurisdiction**

    **a.     Subject matter jurisdiction**

    1.     The Fair Labor Standards Act ("FLSA") applies to any "employer" engaged in "commerce."  29 U.S.C. §§ 206-207.  Under the first element, an "employer" includes a corporation acting "in relation to an employee," *id.* § 203(d), and an "employee" is an "individual employed by an employer." *Id.* § 203(e).  At all times relevant hereto, Plaintiff was working for Mount of Lebanon Restaurant, LLC ("MLR") and Kheder Rababeh ("Rababeh") at their premises in exchange for compensation—he was employed. (Compl. ¶¶ 10-11.)  As for the second element, "commerce" basically means interstate or international commerce. *See id.* § 201(b).  During Plaintiff's employment with MLR and Rababeh, they did business in interstate commerce and used interstate communications such as telephone and Internet. (Compl. ¶ 9.)  In

1

the course of Plaintiff's employment, his duties included cutting and otherwise preparing various cuts of fowl and meat.  (Aff. of Jose Francisco Antunez Garcia ¶ 3) (Exhibit 2).  A substantial part of the chicken which Plaintiff processed had come to our location from Maryland, the District of Columbia, and other states.  (Aff. of Jose Francisco Antunez Garcia ¶ 4.)  A substantial part of the beef which Plaintiff processed came from companies in other states, including one in the District of Columbia.  (Aff. of Jose Francisco Antunez Garcia ¶ 5.)  Upon information and belief, some of the beef which Plaintiff processed originated in Warrenton, Virginia but arrived at Mount of Lebanon having traveled on federal highways. (Aff. of Jose Francisco Antunez Garcia ¶ 6.)  Plaintiff also helped to unload trucks containing groceries for the store; some of these trucks had come from other states.  (Aff. of Jose Francisco Antunez Garcia ¶ 7.) MLR may have also had an annual gross volume of sales in excess of $500,000.  (Compl. ¶ 9.)  As a result, MLR and Rababeh are subject to the FLSA.

This Court has the discretion to, and should, exercise supplemental jurisdiction over Plaintiff's state-law claims of quantum meruit and breach of contract because they arise from the same common nucleus of operative fact giving rise to the FLSA claims and form part of the same case or controversy under Article III.  *See* 28 U.S.C. § 1367(a).

    b.    **Personal jurisdiction**

        i.    **MLR**

In this Court, a plaintiff may serve process by methods set out in the Federal Rules of Civil Procedure or by any method permitted by the law of the state where service is made.  Fed. R. Civ. P. 4(e)(1).  In Virginia, a corporation may be served with process by delivering a copy in person to its registered agent.  Va. Code § 13.1-637(A).  Plaintiff's process server did so to MLR's registered agent on May 1, 2015, at 2922 Annandale Road, Falls Church, Virginia,

within this Court's jurisdictional territory. (ECF Docket No. 4.)  This service established personal jurisdiction over MLR.

### ii. Rababeh

In this Court, a plaintiff may serve process by "delivering a copy of the summons and of the complaint to the individual personally…" *Id.* R. 4(e)(2)(A).  Plaintiff's process server did so to Mr. Rababeh on on May 1, 2015, at 2922 Annandale Road, Falls Church, Virginia, within this Court's jurisdictional territory.  (ECF Docket No. 4.)  This service established personal jurisdiction over Mr. Rababeh.

## II.   Facts alleged

MLR is a restaurant in Falls Church, Virginia, owned and operated by Rababeh.  (Compl. ¶ 9.)  From March 2011 through November 2014, Defendants employed Plaintiff, from March 2011 through November 2014, as a dishwasher and meatcutter and to assist with other tasks at the restaurant. (Compl. ¶ 11.)   Defendants paid him a flat rate for the workweek, whether or not he worked in excess of 40 hours during a single workweek.  (Compl. ¶¶ 11-12.)  Plaintiff often worked in excess of 40 hours in a calendar week, giving rise to overtime claims during those weeks in which Plaintiff was not paid.  (Compl. ¶¶ 13-16.)  In addition, Defendants failed to pay Plaintiff for the hours of work he performed in his last five weeks of employment.  (Compl. ¶ 16.).  These unpaid weeks also give rise to state-law claims for breach of contract, *i.e.*, the Defendants agreed to pay Plaintiff a certain amount for his efforts on a salary basis but repeatedly failed to.  Even if there was not a contract, Plaintiff is entitled under *quantum meruit* to the reasonable value of his services, for which his agreed-upon salary is a reasonable measure.

**III.    Entitlement to damages**

    a.    <u>FLSA</u>

For any week where Plaintiff worked but was not paid, he is entitled to the minimum wage and liquidated damages. 29 U.S.C. §§ 206, 260. For any week where Plaintiff worked overtime but was not paid, he is further entitled to the overtime premium and liquidated damages on that. *Id.* §§ 207, 260.

The spreadsheet filed herewith as Exhibit 1 explains Plaintiff's unpaid wage calculations. The spreadsheet shows (1) the workweek, (2) amount that Defendant's paid Plaintiff for that workweek, (3) the hours Plaintiff worked in that workweek, (4) Plaintiff's hourly rate for that workweek, (5) Plaintiff's overtime rate for that workweek, (6) the minimum wage plaintiff earned for the first 40 hours Plaintiff worked in the workweek, (7) the overtime wages Plaintiff earned for the hours worked in excess of 40 during that workweek, and (8) the total wages Defendants owe Plaintiff for the workweek. The spreadsheet totals the amount of unpaid minimum wages and overtime wages Defendants owe Plaintiff, which is $28,902.64. Plaintiff is entitled to the same amount in liquidated damages.

    <u>Breach of Contract/Quantum Meruit</u>

Beginning on September 2, 2013, the parties agreed that Defendants would pay Plaintiff $650.00 a week. Defendants did not pay Plaintiff for the final five weeks he worked for them. Plaintiff's FLSA damages for those weeks are $638.16 per week. *See* Exhibit 1 (weeks beginning 10/6/2014, 10/13/2014, 10/20/204, 10/27/2014, and 11/3/2014). As a result, contractual damages is the difference between his FLSA damages per week and the agreed upon $650.00 per week, which totals $59.20.

<u>Attorney's Fees and Costs</u>

Exhibit 3, and supporting affidavits from the undersigned (Exhibits 4 and 5), identifies the attorney's fees and costs expended on Plaintiff's behalf in pursuing this action.

## **CONCLUSION**

This Court should enter default judgment against the Defendants in the amount of $28,902.64 for unpaid wages and overtime, $28,902.64 in liquidated damages, $59.20 in breach of contract/*quantum meruit* damages, $2,175.00 in attorney's fees, and $493.05 in costs.

                              Respectfully submitted,

                              _____/s/_____
                              John C. Cook (VSB # 38310)
                              Lee B. Warren (VSB # 77446)
                              COOK CRAIG & FRANCUZENKO, PLLC
                              3050 Chain Bridge Road, Suite 200
                              Fairfax, Virginia 22030
                              Phone: 703-865-7480
                              Fax:  703-434-3510
                              jcook@cookcraig.com
                              lwarren@cookcraig.com
                              *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment Against Defendants via first class mail, postage prepaid, on June 2, 2015 on the following:

Mount of Lebanon Restaurant, LLC
c/o RA Kheder Rababeh
2922 Annandale Rd
Falls Church, VA 22042

Kheder Rababeh
2922 Annandale Rd
Falls Church, VA 22042

                                                    _____/s/_____
                                                    Lee B. Warren (VSB # 77446)
                                                    COOK CRAIG & FRANCUZENKO, PLLC
                                                      3050 Chain Bridge Road, Suite 200
                                                      Fairfax, Virginia 22030
                                                      Phone: 703-865-7480
                                                      Fax: 703-434-3510
                                                      lwarren@cookcraig.com
                                                      *Counsel for Plaintiff*