IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSE FRANCISCO ANTUNEZ GARCIA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOUNT OF LEBANON RESTAURANT, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1-15-CV-543 <br> (TSE/JFA) |

## AFFIDAVIT OF LEE B. WARREN

1. My name is Lee B. Warren. I am over 21 years of age and am competent to testify to the matters set forth herein. I have personal knowledge of the facts set forth herein.

2. I make this declaration in support of my clients' request for attorney's fees and costs in this case.

3. I am a member in good standing of the Virginia, Maryland, and District of Columbia state bars, as well as the bars of the U.S. District Courts for the District of Columbia, Maryland, and the Eastern District of Virginia.

4. I obtained my law degree from the George Washington University Law School in 2008 was admitted to the Virginia bar that same year.

5. After joining the bar, I worked for The Law Firm of L. Palmer Foret, P.C. and Regan Zambri & Long, PLLC, where I worked on personal injury litigation.

6. In July 2010, I became an associate of the law firm of Cook Craig & Francuzenko, PLLC, where I work on litigation involving personal injury, employment law, and constitutional violations.

1

7. During my legal career, I have held increasing responsibility over various aspects of litigation. I drafted and responded to written discovery requests in dozens of cases; I have argued various motions in the courts where I practice; and I have taken or defended many depositions of parties and witnesses in a variety of litigation.

8. I have tried cases in the General District and Circuit Courts for Fairfax County and the Circuit Court for Prince William County. I have assisted with trials in the Circuit Court for Arlington County and the United States District Court for the Eastern District of Virginia, Alexandria Division. I have also litigated cases before the Virginia and D.C. worker's compensation and unemployment insurance bodies.

9. My hourly rate is determined by the partners in the firm. At this time, my standard hourly rate is $250.00.

10. Much of my employment law practice involves litigation under fee-shifting statutes such as Title VII of the Civil Rights Act of 1964. Fee-shifting cases require plaintiff's lawyers to develop careful time-tracking practices because plaintiff's attorneys must ultimately be prepared to justify their time expenditures as well as the hourly rates they charge.

11. During this litigation, my firm has utilized Time Matters case management software and PCLaw as accounting software. For the majority of my work for the Plaintiff in this case, I used the "stopwatch" features of these programs to contemporaneously record my time. In other words, while working on a matter for the Plaintiff, I would start the timer and stop it when I was finished with the task, at which point I would note the task or tasks completed during that window of time. If, for example, the court clerk called in another case, I would start a new timer for that task, which would automatically pause the timer for the Plaintiffs' case.

12. The PCLaw software produced the document attached hereto reflecting the total number of hours spent on this case by the attorneys in the firm. These numbers do not reflect time spent on purely administrative tasks.

## THE AMOUNT OF TIME SPENT ON THIS CASE

13. Several factors justify the amount of time spent on this case. Plaintiff alleged that Defendants had not paid him minimum wage, overtime wages, and had failed to pay him wages for some of the weeks he had worked for them. The Defendants did not keep time records which required thorough review of Plaintiff's statements regarding his hours and pay.

14. The duty of communication which I owe to my client required me to ensure that he understood ongoing developments in the case, in particular the importance of the Offer of Judgment and settlement negotiations.

## THE NATURE OF SERVICES RENDERED

15. Every employment relationship is distinct and requires detailed analysis; the FLSA permits a broad range of permissible pay structures, and violations thereof often turn on the most seemingly insignificant facts.

16. In the course of litigation, I developed Plaintiff's theories about the money he was owed. I attempted without success to contact Defendants to discuss settlement. I reviewed, revised, and filed the Complaint, that Mr. Krone drafted, which initiated this action. I reviewed and assisted Mr. Krone in calculating Plaintiff's unpaid wages. I prepared a final spreadsheet documenting Plaintiff's hours and his unpaid wages.

## CONCLUSION

17. I spent a total of 4.2 hours on this case. At my hourly rate of $250.00, this yields attorney's fees of $1,050.00.

18. Plaintiff incurred costs for filing the Complaint, serving the complaint, and postage. Plaintiff's total costs are $493.05.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, as are the time records submitted herewith.

_____          _____
Lee B. Warren                                                               Date