IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSE FRANCISCO ANTUNEZ GARCIA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOUNT OF LEBANON RESTAURANT, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1-15-CV-543 <br> (TSE/JFA) |

## AFFIDAVIT OF PHILIP C. KRONE

1. My name is Philip C. Krone. I am over 21 years of age and am competent to testify to the matters set forth herein. I have personal knowledge of the facts set forth herein.

2. I make this declaration in support of my clients' request for attorney's fees and costs in this case.

3. I am a member in good standing of the Virginia state bar.

4. I obtained my law degree from the Widener University School of Law, Harrisburg in May of 2014 and was admitted to the Virginia bar on December 3, 2014.

5. In September of 2014, after I took the Virginia bar exam but before I received notification that I passed, I became a law clerk of the law firm of Cook Craig & Francuzenko, PLLC.

6. In December of 2014, I became an associate of the law firm of Cook Craig & Francuzenko, PLLC, where I work on litigation involving personal injury, employment law, and constitutional violations.

7. I have assisted with cases in the General District and Circuit Courts for Fairfax County as well as the Eastern District of Virginia.

1

8. My hourly rate is determined by the partners in the firm. At this time, my standard hourly rate is $150.00. Before December 2014, my hourly rate as a law clerk was $110.00.

9. During this litigation, I performed all of my work directly under the supervision of Lee B. Warren, Esq.

10. During this litigation, my firm has utilized Time Matters case management software and PCLaw as accounting software. For the majority of my work for the Plaintiff in this case, I used the "stopwatch" features of these programs to contemporaneously record my time. In other words, while working on a matter for the Plaintiff, I would start the timer and stop it when I was finished with the task, at which point I would note the task or tasks completed during that window of time. If, for example, the court clerk called in another case, I would start a new timer for that task, which would automatically pause the timer for the Plaintiffs' case.

11. The PCLaw software produced the document attached hereto reflecting the total number of hours spent on this case by the attorneys in the firm. These numbers do not reflect time spent on purely administrative tasks.

**THE AMOUNT OF TIME SPENT ON THIS CASE**

12. Several factors justify the amount of time spent on this case. Plaintiff alleged that Defendants had not paid him minimum wage, overtime wages, and had failed to pay him wages for some of the weeks he had worked for them. The Defendants did not keep time records which required thorough review of Plaintiff's statements regarding his hours and pay.

## THE NATURE OF SERVICES RENDERED

13.  Every employment relationship is distinct and requires detailed analysis; the FLSA permits a broad range of permissible pay structures, and violations thereof often turn on the most seemingly insignificant facts.

14.  In the course of litigation, I documented the hours Plaintiff worked and the wages Defendants paid him. I calculated Plaintiff's unpaid wages and assisted in developing Plaintiff's theory of the case.

## CONCLUSION

15.  I spent a total of 7.5 hours on this case. At my hourly rate of $150.00, this yields attorney's fees of $1,125.00.

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, as are the time records submitted herewith.

_____          _____7/2/2015_____
Philip C. Krone                                                    Date

3