IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JOSE FRANCISCO ANTUNEZ GARCIA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:15cv0543 (TSE/JFA) |
| MOUNT OF LEBANON RESTAURANT, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment (Docket no. 10) against defendant Mount of Lebanon Restaurant, LLC ("Mount of Lebanon Restaurant") and defendant Kheder Rababeh ("Rababeh") (collectively "defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

## Procedural Background

On April 24, 2015, plaintiff filed a complaint alleging that during his employment at Mount of Lebanon Restaurant in Falls Church, Virginia, defendants adhered to payroll practices that failed to compensate employees as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Docket no. 1) ("Compl."). Specifically, the defendants failed to compensate plaintiff at the applicable minimum wage rate (Compl. ¶ 28), failed to apply an adjusted rate to plaintiff's overtime hours (Compl. ¶ 23), and failed to compensate plaintiff for work performed during his last five weeks of employment (Compl. ¶ 16). Plaintiff also asserts

claims for breach of contract and *quantum meruit*. The complaint seeks recovery of unpaid wages, liquidated damages, pre- and post-judgment interest, attorney's fees, and costs.

On May 1, 2015, the summons and complaint were served on Rababeh – individually and as the owner and registered agent of Mount of Lebanon Restaurant. As discussed more fully below, service of process was proper as to both defendants. *See* Fed. R. Civ. P. 4(h). Pursuant to Federal Rule of Civil Procedure 12(a), a responsive pleading was due on May 22, 2015 or within twenty-one days after service. Neither defendant has filed an Answer or other responsive pleading and the time for doing so has expired.

On June 4, 2015, plaintiff filed a request for entry of default judgment against Rababeh (Docket no. 5) and Mount of Lebanon Restaurant (Docket no. 6). Thereafter, the Clerk of Court entered default against both defendants. (Docket nos. 7, 8). On June 17, 2015, the District Judge entered an Order directing plaintiff to file a motion for default judgment and notice that motion for a hearing before the undersigned on Friday, July 17, 2015. (Docket no. 9). A copy of that Order was also sent to defendants at their last known mailing address.

On July 2, 2015, plaintiff filed a motion for default judgment (Docket no. 10), along with a memorandum in support (Docket no. 11), a spreadsheet containing plaintiff's employment schedule and wage calculations (Docket no. 11-1), an affidavit signed by the plaintiff (Docket no. 11-2), and other affidavits and billing statements setting forth the various fees and costs incurred in this litigation (Docket nos. 11-3, 11-4, 11-5). Plaintiff also filed a notice of hearing in accordance with the court's prior Order. (Docket no. 12). Copies of those filings were mailed to defendants by first-class mail on July 2, 2015. (Docket nos. 10–12). On July 17, 2015, plaintiff's counsel appeared before the undersigned and no one appeared on behalf of the defendants.

2

As discussed with counsel during the hearing on July 17, 2015, plaintiff's damages included claims for wages earned prior to the three-year statute of limitations for willful violations under the FLSA. *See* 29 U.S.C. § 255. Accordingly, the undersigned recommends that plaintiff is entitled to recover damages under Count I and Count II from April 24, 2012 through his last day of employment in November 2014.[1]  Counsel has otherwise represented that the total number of hours worked are based on plaintiff's recollection of his work schedule during the relevant time period. (Docket no. 11-1). In preparing this proposed findings of fact and recommendations, the undersigned has considered these calculations along with the accompanying representations set forth in plaintiff's complaint.

### Factual Background

The following facts are established by the complaint filed on April 24, 2015. Plaintiff is an adult resident of the Commonwealth of Virginia. (Compl. ¶ 6). Rababeh is also an adult resident of the Commonwealth of Virginia and the owner of Mount of Lebanon Restaurant in Falls Church, Virginia. (Compl. ¶¶ 7–8). At all times relevant to this action, Mount of Lebanon Restaurant was an enterprise engaged in interstate commerce as defined by the FLSA with annual gross revenues in excess of $500,000.00. (Compl. ¶ 9). As the owner, Rababeh controlled plaintiff's salary and work schedule, and also maintained the authority to hire and fire employees. (Compl. ¶ 10).

Plaintiff began working at Mount of Lebanon Restaurant in March 2011. (Compl. ¶ 11). During his employment, plaintiff's salary consisted of a weekly flat-rate. (Compl. ¶ 12). For example, from March 2012 through March 2013 plaintiff received $400.00 per week. (Compl. ¶

---

[1] Monday, April 23, 2012 must also be excluded from these calculations. As a result, the amount of wages due to plaintiff from the pay period starting April 23, 2012 and ending April 29, 2012 accounts for 60 total hours (40 hours minimum wage; 20 hours overtime). The remaining pay period calculations are premised on the representations set forth in the complaint that plaintiff's work schedule during the applicable time period consisted of 72 total hours per week (40 hours minimum wage; 32 hours overtime) (Compl. ¶¶ 13–16).

13).  While otherwise adequate compensation for a standard 40-hour workweek, the rate fell

considerably short of the federally-mandated minimum wage when applied to plaintiff's work

schedule.  (Compl. ¶ 17).  The rate was also incapable of providing increased compensation for

overtime.  *See* 29 U.S.C. § 207(a) (For each hour worked in excess of forty (40) hours per week,

the FLSA guarantees an employee overtime pay at a rate not less than one and one-half times the

regular rate of pay).

Over the course of plaintiff's employment at Mount of Lebanon Restaurant his salary

increased on two separate occasions.  (Docket no. 11-1).  From April 1, 2013 to September 1,

2013 plaintiff's pay increased to $450.00 per week.  (Compl. ¶ 14).  From September 2, 2013 to

October 5, 2014 plaintiff's pay increased to $650.00 per week.  (Compl. ¶ 15).  During the last

five weeks of employment—beginning on October 6, 2014 and ending on November 9, 2014—

plaintiff received no compensation for the work performed.  (Compl. ¶ 16).  Accordingly, the

complaint also seeks damages for breach of contract or under an alternative theory of *quantum*

*meruit*.  (Compl. ¶¶ 30–37).  Lastly, plaintiff alleges that defendants regularly and willfully

violated provisions of the FLSA by failing to adequately compensate plaintiff for the hours

worked and by requiring plaintiff to work in excess of 40 hours per week without providing

increased overtime compensation.  (Compl. ¶¶ 22, 28).

Because these allegations are pled as "willful" plaintiff is entitled to liquidated damages

in an amount equal to those unpaid wages.  (Compl. ¶¶ 26, 29).  The FLSA also provides for an

extended statute of limitations period for causes of action that arise from willful violations.  *See*

29 U.S.C. § 255(a) ("[E]very such action shall be forever barred unless commenced within two

years after the cause of action accrued, except that a cause of action arising out of a willful

violation may be commenced within three years after the cause of action accrued.")

4

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on defendants' failure to file a responsive pleading in a timely manner, the Clerk of Court has entered default against Mount of Lebanon Restaurant and Rababeh. (Docket nos. 7, 8).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure also provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Similarly, 28 U.S.C. § 1337(a) provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." The FLSA itself also states that any action to recover unpaid minimum or overtime wages may be maintained "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

Because this action arises under federal law, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The court may also exercise supplemental jurisdiction over the remaining state law claims because they arise from a common nucleus of operative fact. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

This court also has personal jurisdiction over the defendants because Virginia's long-arm statute authorizes the exercise of jurisdiction and both defendants satisfy the minimum contacts test under the Due Process Clause of the Fourteenth Amendment. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 (4th Cir. 2009). As stated in the complaint, Mount of Lebanon Restaurant is a business operating within the Commonwealth of Virginia. (Compl. ¶ 7). Rababeh also resides in the Commonwealth of Virginia and served as the owner of Mount of Lebanon Restaurant during the relevant time period. (Compl. ¶ 8). Venue is also proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district. (Compl. ¶ 5).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over the defendants, and that venue is proper in this court.

**Service**

Federal Rule of Civil Procedure 4(e)(1) authorizes service on an individual within a judicial district of the United States, provided that service adheres to the state law governing that practice in courts of general jurisdiction where the federal district court is located. Under Virginia law, serving an individual must first be attempted by in-person delivery of the complaint and summons. *See* Va. Code Ann. § 8.01-296(1). When serving a corporation, Federal Rule of Civil Procedure 4(h)(1) authorizes service through the manner prescribed in Rule

4(e)(1) or by delivering a copy of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by law to receive service of process.

On April 27, 2015, the Clerk of Court issued a summons addressed to Rababeh as the registered agent of Mount of Lebanon Restaurant and another summons addressed to Rababeh in his individual capacity. (Docket no. 2). Executed copies filed with the court confirmed personal service on May 1, 2015. (Docket no. 4). In fact, Rababeh's status as the registered agent allowed service on both defendants to be effected simultaneously. *See* Fed. R. Civ. P. 4(h)(1)(B). Affidavits accompanying plaintiff's requests for entry of default also confirm service on May 1, 2015. (Docket nos. 5-1, 6-1).

Based on the foregoing, the undersigned magistrate judge recommends a finding that the defendants were properly served in accordance with Federal Rule of Civil Procedure 4(e)(1) and Federal Rule of Civil Procedure 4(h)(1)(B).

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), defendants were required to file a responsive pleading within twenty-one days after receiving service of process. No responsive pleadings have been filed and the time for doing so has expired. On June 4, 2015, plaintiff requested an entry of default against Mount of Lebanon Restaurant and Rababeh. (Docket nos. 5, 6). On June 5, 2015, the Clerk of Court entered default against the defendants in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. (Docket nos. 7, 8).

Thereafter, the District Judge entered an Order directing plaintiff to file a motion for default judgment along with a notice of hearing, setting the motion before the undersigned magistrate judge. (Docket no. 9). On July 2, 2015, plaintiff filed a motion for default judgment (Docket no. 10), a memorandum in support (Docket no. 11), a spreadsheet that includes the

hours worked and wages owed (Docket no. 11-1), plaintiff's sworn affidavit (Docket no. 11-2), a billing statement (Docket no. 11-3), and two affidavits submitted by plaintiff's counsel (Docket nos. 11-4, 11-5). Plaintiff also filed a notice of hearing, setting the motion for default judgment before the undersigned on Friday, July 17, 2015. (Docket no. 12). The certificates of service accompanying these filings also indicate that counsel sent copies to defendants at their last known mailing address. (Docket nos. 10–12).

For these reasons, the undersigned magistrate judge recommends a finding that the Clerk of Court has properly entered a default as to each defendant.

### Liability and Measure of Damages

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendants failed to file a responsive pleading and are in default, they admit the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As alleged in the complaint, defendants willfully violated certain provisions of the FLSA and breached an oral agreement to increase plaintiff's salary to $650.00 per week beginning on September 2, 2013. (Compl. ¶¶ 21–32). Defendants were required by the FLSA to compensate each employee based on the federal minimum wage for each hour worked. *See* 29 U.S.C. § 206(a). Additionally, for each hour worked in excess of 40-hours per week, the FLSA guarantees an employee overtime pay at a rate not less than one and one-half (1.5) times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a). As set forth in the memorandum accompanying plaintiff's motion for default judgment, plaintiff seeks $28,902.64 in unpaid wages and overtime compensation, an equal amount of liquidated damages, $2,175.00 in attorneys' fees, and $493.05 in costs. (Docket no. 11); *see also* 29 U.S.C. § 216(b). Plaintiff

8

also seeks $59.20 in damages associated with his breach of contract and/or *quantum meruit*

claim, which represents the difference between plaintiff's FLSA damages in the last five weeks

of his employment and the $650.00 per week salary defendants agree to pay plaintiff beginning

on September 2, 2013. (Docket no. 11 at 4).

**Count I: Violation of the Minimum Wage and Overtime Provisions of the FLSA**

To establish a violation of the FLSA for non-payment of minimum wage under 29 U.S.C.

§ 206, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the

plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff

was not compensated for all hours worked during each work week at a rate equal to or greater

than the applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to

the plaintiff's position. *See* 29 U.S.C. § 206.

To establish a violation of the FLSA for non-payment of overtime hours, a plaintiff must

show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in

commerce or in the production of goods for commerce; (3) the plaintiff worked over forty hours

per work week; (4) the plaintiff was not compensated at a rate of 1.5 times her regular rate for

each hour worked in excess of forty hours for each work week; and (5) none of the exemptions in

29 U.S.C. § 213 applied to the plaintiff's position. *See* 29 U.S.C. § 207.

The facts set forth in the complaint establish that plaintiff was employed by the

defendants from March 2011 to November 2014. (Compl. ¶ 6). Plaintiff was also an employee

engaged in commerce and received products and/or food from other states that moved through

interstate commerce within the meaning of 29 U.S.C. § 207(a)(1). (Compl. ¶ 9). Additionally,

no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213

apply to plaintiff and he appears to be a covered employee entitled to the protections of the

FLSA. *See Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exception.").

As an employee, plaintiff alleges that his weekly "flat rate" salary often failed to adequately compensate him for the total number of hours worked. (Compl. ¶ 17). Plaintiff's salary also failed to account for the increased rate of pay required under 29 U.S.C. § 207 for overtime hours. (Compl. ¶ 12). Instead, plaintiff was either compensated at a rate that did not adhere to the wage requirements under the FLSA or received no compensation for the work performed. (Compl. ¶¶ 16, 19).

The spreadsheet accompanying the memorandum in support of plaintiff's motion for default judgment reflects a total of 10,080 hours worked over the course of 140 weeks -- under which plaintiff asserts a claim for $28,902.64 in unpaid wages. (Docket no. 11-1). While these calculations accurately track the general allegations in the complaint, the FLSA limits plaintiff's recovery period to three years. *See* 29 U.S.C. § 255(a). Accordingly, the court will not consider those hours (and claimed wages) from March 5, 2012 to April 22, 2012.

The federal minimum wage is $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(C). For each regular business hour worked, plaintiff is entitled to payment at the rate of $7.25 per hour. The FLSA also requires employers to provide overtime compensation at one-and-one-half times the employee's normal rate of pay for every hour worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a). After accounting for compensation previously received, the undersigned finds that plaintiff is entitled to judgment in the following amounts:

|  | **Salary** | **Paid** | **Min. Wage** | **Overtime** | **Owed** |
|---|---|---|---|---|---|
| Pay Period #1 | $400/week | $19,600.00 | $14,210.00 | $16,929.28 | $11,539.28 |
| Pay Period #2 | $450/week | $9,900.00 | $6,380.00 | $7,659.52 | $4,139.52 |
| Pay Period #3 | $650/week | $37,050.00 | N/A | $8,235.36 | $8,235.36 |
| Pay Period #4 | $650/week | $0.00 | $1,450.00 | $1,740.80 | $3,190.80 |

Pay Period #1: From April 24, 2012 to March 31, 2013 plaintiff worked a total of forty-nine weeks and received compensation at $400.00 per week. After accounting for this compensation and excluding the hours worked (and wages claimed) for April 23, 2012, the amount of unpaid wages owed during this pay period is **$11,539.28** (consisting of $14,210.00 in minimum wage and $16,929.28 in overtime, less $19,600.00 received under the flat rate).

Pay Period #2: From April 1, 2013 to September 1, 2013 plaintiff worked a total of twenty-two weeks and received compensation at $450.00 per week. Accordingly, the amount of unpaid wages owed during this pay period is **$4,139.52** (consisting of $6,380.00 in minimum wage and $7,659.52 in overtime, less $9,900.00 received under the flat rate).

Pay Period #3: From September 2, 2013 to October 5, 2014 plaintiff worked a total of fifty-seven weeks and received compensation at $650.00 per week. As explained in the spreadsheet accompanying plaintiff's memorandum in support, the second wage increase beginning on September 2, 2013 ($650/week) satisfied the minimum wage requirements based on the number of hours worked. However, the flat rate still failed to account for those hours worked in excess of 40-hours per week. Plaintiff appropriately calculated the amount owed in overtime compensation each week by multiplying his regular rate of pay ($9.03) by the number of overtime hours (32) and dividing that product by two. (Docket no. 11-1 at 3). Accordingly, the amount of unpaid overtime wages owed during this pay period is **$8,235.36**.

Pay Period #4: From October 6, 2014 to November 9, 2014 plaintiff worked a total of five weeks and did not receive compensation. Accordingly, the amount of unpaid wages owed during this pay period is **$3,190.80** (consisting of $1,450.00 in minimum wage and $1,740.80 in overtime)

11

Based on the foregoing, the undersigned recommends that a default judgment be entered in favor of plaintiff on Count I and Count II in the amount of **$27,104.96** in unpaid regular and overtime wages.

**Liquidated Damages**

In FLSA cases, employees are routinely awarded liquidated damages equal to the amount of unpaid wages. *See* 29 U.S.C. § 216(b); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir. 1985). However, an employer can avoid the imposition of liquidated damages upon a showing of good faith. In this case, the employer has failed to appear and present any defense to plaintiff's claim of a willful violation of the FLSA. (Compl. ¶¶ 25, 28). Accordingly, an award of liquidated damages equal to the amount of unpaid regular and overtime wages is appropriate.

For these reasons, the undersigned magistrate judge recommends the court award plaintiff $27,104.96 in liquidated damages. Accordingly, the total amount awarded under Counts I and II is **$54,209.92** (consisting of $27,104.96 in unpaid wages and $27,104.96 in liquidated damages).

**Count II: Breach of Contract**

In order to prevail on a breach of contract claim under Virginia law, plaintiff must show: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009) (quoting *Filak v. George*, 594 S.E.2d 610, 614 (2004)). A legally enforceable obligation is shown by establishing an offer, acceptance, and valuable consideration. *See, e.g., Montagna v. Holiday Inns, Inc.*, 269 S.E.2d 838, 845 (Va. 1980).

Plaintiff has established a claim for breach of contract under Virginia law. The complaint alleges that "[a]t all times relevant hereto, Plaintiffs and Defendants had orally agreed that

12

Plaintiff would be paid $650 per week for his services as a dishwasher." (Compl. ¶ 31).

Defendants then failed to pay plaintiff at the previously agreed-upon rate for five weeks.

(Compl. ¶ 32). The memorandum in support of plaintiff's motion for default judgment

elaborates on this claim and includes an alternative theory of recovery under *quantum meruit*.

> Beginning on September 2, 2013, the parties agreed that Defendants would pay
> Plaintiff $650.00 a week. Defendants did not pay Plaintiff for the final five weeks
> he worked for them. Plaintiff's FLSA damages for those weeks are $638.16 per
> week. *See* Exhibit 1 (weeks beginning 10/6/2014, 10/13/2014, 10/20/20[1]4,
> 10/27/2014, and 11/3/2014). As a result, contractual damages is the difference
> between his FLSA damages per week and the agreed upon $650.00 per week,
> which totals $59.20.

(Docket no. 11 at 4). Under the equitable theory of *quantum meruit*, plaintiff would be entitled

to reasonable compensation for his services even in the absence of a legally enforceable contract.

(*Id.* at 3) ("Even if there was not a contract, plaintiff is entitled under *quantum meruit* to the

reasonable value of his services, for which his agreed-upon salary is a reasonable measure.").

Based on the foregoing, the undersigned recommends a finding that plaintiff has stated a

valid claim for breach of contract under Virginia law. However, the court finds that plaintiff's

recovery under the FLSA precludes any "double recovery" that may arise from his breach of

contract claim. *See, e.g., Gen. Tel Co. of the Nw., Inc. v. Equal Employment Opportunity*

*Comm'n*, 446 U.S. 316, 333 (1980) ("[T]he courts can and should preclude double recovery by

an individual."). Accordingly, the undersigned recommends that damages under Count III be

limited to **$59.20** after accounting for the damages plaintiff is entitled to under the FLSA during

the relevant time period.

**Attorney's Fees and Costs**

The FLSA provides for the mandatory award of attorney's fees and costs of an action.

*See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to

13

the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In support of this claim, the court has received a billing statement associated with this matter and two affidavits signed by counsel. (Docket nos. 11-3, 11-4, 11-5). These submissions reflect a total of $2,175.00 in attorneys' fees and $493.05 in costs. These totals are comprised of 4.2 hours of attorney time at $250.00 per hour for Lee B. Warren (Docket no. 11-4) and 7.5 hours of attorney time at $150.00 per hour for Philip C. Krone (Docket no. 11-5). The costs associated with this matter include the civil filing fee ($400.00) as well as the costs associated with serving the complaint and mailing other pleadings ($93.05).

Having reviewed these submissions, the undersigned finds that plaintiff's request for $2,175.00 in attorneys' fees is reasonable.[2] The undersigned also believes the costs associated with this matter are reasonable. Based on the foregoing, the undersigned recommends a finding that plaintiff is entitled to recover **$2,668.05** (consisting of $2,175.00 in attorneys' fees and $493.05 in costs).

### Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff Jose Francisco Antunez Garcia and against defendants Mount of Lebanon Restaurant, LLC in the amount of **$56,937.17** (consisting of $27,104.96 in unpaid wages + $27,104.96 in liquidated damages + $59.20 in contract damages + $2,175.00 in attorneys' fees + $493.05 in costs).

---

[2] These submissions do not comply fully with the standards set forth in in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. Under those cases, the relevant inquiry is whether the fees charged are comparable with the prevailing market rates of other local lawyers familiar both with the skills of the fee applicants and the type of work in the relevant community; here, Northern Virginia. *Plyler*, 902 F.2d at 278. However, since defendants have not contested the requested amount of fees in this case, the court will accept the allegations set forth by plaintiff concerning the reasonableness of these fees as true. The total amount of the fees requested is consistent with fees incurred in similar cases and awarded by this court.

14

**Notice**

By means of the court's electronic filing system, and by mailing a copy of this proposed

findings of fact and recommendations to defendant Mount of Lebanon Restaurant, LLC c/o

Registered Agent Kheder Rababeh at 2922 Annandale Road, Falls Church, VA 22042 and

defendant Kheder Rababeh at 2922 Annandale Road, Falls Church, VA 22042, the parties are

notified that objections to this proposed findings of fact and recommendations must be filed

within fourteen (14) days of service of this proposed findings of fact and recommendations and a

failure to file timely objections waives appellate review of the substance of the proposed findings

of fact and recommendations and waives appellate review of any judgment or decision based on

this proposed findings of fact and recommendations.

ENTERED this 17th day of July, 2015.

_____/s/_____

John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

15